S. W. MORGAN AND W. B. BLADES v. BEAUFORT & WESTERN
RAILROAD COMPANY ET AL.

(Filed 23 October, 1929.)

1. **Actions E b—Party invoking process of court may not thereafter seek to nullify proceedings he has invoked.**

    *Semble,* where the plaintiff in a special proceeding to have the title to his lands registered under the provisions of the Torrens Act has signed the petition, he may not, after the court has proceeded with the cause, enter a special appearance for the purpose of nullifying the very process that he has invoked.

2. **Deeds and Conveyances E a—In this case petitioner could not attack Torrens Proceedings on ground that clerk did not sign jurat.**

    Where the petitioner, to have his title to land registered under the provisions of the Torrens Act has signed an oath reciting that he has been duly sworn, he may not contend that the oath lacked validity under the requirement of C. S., 2384, upon the ground that the clerk of the court had not signed the jurat, and that in consequence the proceedings which followed were absolutely void, and thereafter, upon his own motion have them set aside.

3. **Appeal and Error J c—Where findings of fact do not appear of record it is presumed that court found facts supporting judgment.**

    Where an agreement was signed by one purporting to be an attorney for petitioner in proceedings under the Torrens Act, and the Superior

Court has denied the motion of the petitioner to dismiss the action upon the ground of an invalid jurat apparently issued by the clerk, it will be presumed on appeal that the judge below made sufficient findings of fact to sustain his action in denying the petitioner's motion to dismiss the proceedings, and the petitioner may not sustain his averment that the attorney was not authorized by him to so act, there being no finding to support his contention.

CIVIL ACTION, before *Daniels, J.,* at July Term, 1929, of CARTERET.

This is a special proceeding instituted by the plaintiffs in the Superior Court of Carteret County for the purpose of having title to the lands described in the petition certified and registered under the statute commonly known as the Torrens Act. The petition was signed by both plaintiffs as petitioners on 16 July, 1925, and by Julius F. Duncan, attorney, Beaufort, N. C. The verification of the petition is as follows: "North Carolina, Carteret County: W. B. Blades and Sam W. Morgan, each being duly sworn, deposes and says, each for himself that he has read the foregoing petition; that the same is true to his own knowledge, except as to matters therein stated upon information and belief, and as to those matters he believes it to be true. Sam W. Morgan, W. B. Blades.

"Sworn to and subscribed before me, this 17 July, A. D. 1925. ..........................., Clerk Superior Court."

It appears that the clerk did not sign the verification or jurat. Thereafter, on 21 September, notice of publication was duly issued by the clerk as required by statute. All parties filed answers. On 25 November the proceeding was referred to the examiner of titles. On 14 May, 1928, an order of survey was made in the cause. On 9 May, 1928, the examiner made a preliminary report, together with an abstract of title to lands set out in the petition. The preliminary report refers to sundry hearings before the examiner and refers to an agreement entered into by the attorneys of record for the parties to the effect that "all titles be merged." The agreement of 15 July, 1927, was signed by the attorney of record for petitioners, Morgan and Blades. This agreement, upon its face, purports to adjust the differences between the parties by dividing the various tracts of land in accordance with the plan set out in the agreement. Thereafter on 2 February, 1929, the petitioner, Morgan, having employed other counsel, entered a special appearance for the purpose of "an arrest of judgment and for dismissal of the action as to the said S. W. Morgan . . . for that the proceedings . . . are void and of no effect . . . in that the original petition was not sworn to by each of the petitioners or either of them and did not contain a full description of the land," etc.

The said S. W. Morgan moves for dismissal of said action on the further ground that he has never employed an attorney in said proceed-

ing and never authorized any one to act for him in said proceedings in filing said petition or making any agreement pertaining thereto, etc.

The clerk of the Superior Court denied the motion and the petitioner, Morgan, appealed to the judge. Judge Daniels heard the appeal and denied the motion. No facts were found by the trial judge. From such judgment the petitioner, Morgan, appealed.

*Albert L. Cox and E. H. Gorham for movant, S. W. Morgan.*

*G. W. Duncan for Perry heirs.*

*W. B. Rodman, Moore & Dunn and MacLean & Rodman for Railroad Company, appellee.*

*Julius F. Duncan for Blades, and record attorney in the proceeding for Blades and Morgan.*

BROGDEN, J. In a Torrens proceeding, after publication and public hearings before the examiner, and after an agreement has been entered into by counsel of record for petitioner, can one of the petitioners enter a special appearance to dismiss the proceeding upon the ground that the jurat of the clerk did not appear upon the original petition?

At the outset it must be observed that no decision has been called to our attention which permits a petitioner or person invoking the process of a court in his own behalf, and after the court has proceeded with the cause, to enter a special appearance for the purpose of nullifying the very process which the petitioner has invoked. Such a legal position, upon its face, would appear to be illogical and contrary to the practice. The petitioner, however, asserts that the proceeding is void by reason of failure of the clerk to attach a jurat to the original petition. Hence if the petition is void, the court acquired no jurisdiction, and neither the parties nor the land are in court for any purpose. C. S., 2384, requires that "the petition shall be signed and sworn to by each petitioner." In the case at bar the petition was signed by both petitioners and by the attorney of record. In addition thereto, the oath was signed by both petitioners. The oath recites that "W. B. Blades and S. W. Morgan, each being duly sworn, deposes and says, each for himself," etc. It is obvious that when the petitioner, S. W. Morgan, signed this oath it was a solemn declaration on his part that he was sworn even though the clerk failed to sign the jurat. If the record did not clearly disclose that the petitioner, Morgan, by actually signing the oath, asserted that he was duly sworn, a different question might be presented. Furthermore, it appears that an agreement was made and duly signed by counsel representing the parties of record, adjusting the differences involved in the proceeding. This agreement was filed by attorneys on 15 July, 1927, practically two years after the petition had been filed. While the moving petitioner

alleges that his original counsel of record had no authority to represent him in the proceeding, yet no evidence is offered to that effect, and there is no finding by the clerk or the trial judge in support of the allegation. If such findings were necessary, nothing else appearing, it is to be assumed that the trial judge found facts warranting the judgment denying the motion for dismissal.

We find no error of law upon the face of the record and the judgment is Affirmed.